UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ARTHREX, INC. and
ARTHREX MANUFACTURING, INC.,

    Plaintiffs,

v.                                                    Case No.  2:10-CV-151-FtM-99DNF

PARCUS MEDICAL, LLC,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Parcus Medical, LLC's Motion for Partial Summary Judgment (Dkt. 71), Plaintiffs' Response in opposition (Dkt. 76), Defendant's Motion to Strike Plaintiffs' Response (Dkt. 80), and Plaintiffs' Response in opposition (Dkt. 84).  The Court, having considered the motions, responses, and being otherwise advised of the premises, concludes that the motion for partial summary judgment should be denied without prejudice.

## DISCUSSION

Defendant moves for partial summary judgment on Plaintiffs' trade secret claim under the Florida Uniform Trade Secrets Act on the issue of whether Plaintiffs adequately identified the trade secrets.  Defendant's motion for partial summary judgment was filed on August 11, 2011, prior to the close of discovery in this case.

In opposition, on August 25, 2011, Plaintiffs filed the expert declarations of David Weaver and Dr. Jorge Ochoa, which discussed the alleged trade secret information at issue in this case and described why the information is a trade secret.

Defendant then moved to strike the expert declarations, arguing that they contained a substantial amount of testimony that was not disclosed under Fed. R. Civ. P. 26, or pursuant to the Court's case management and scheduling orders.  Defendant also argued that the testimony was conclusory and speculative.

Importantly, the parties received numerous extensions of the discovery deadlines, including expert discovery, since the filing of Defendant's motion for partial summary judgment, which was filed more than ten months ago.[1]  The fact discovery deadline is July 30, 2012, and the dispositive motion deadline is on August 27, 2012.  These extensions, in essence, moot Defendant's argument with respect to striking Plaintiffs' expert declarations, which could create a genuine issue of material fact on the issue of whether Plaintiffs can demonstrate a trade secret, although the Court makes no determination on this issue at this stage.

Accordingly, the Court concludes that the best and most judicious course of action is to deny Defendant's motion for partial summary judgment, without prejudice to Defendant to renew its motion.

---

[1] Indeed, since the filing of Defendant's motion, the case management and scheduling order was amended several times and is now on its fourth version (Dkt. 137).

It is therefore ORDERED and ADJUDGED that, for the reasons stated herein:

1. Defendant Parcus Medical, LLC's Motion for Partial Summary Judgment (Dkt. 71) is denied without prejudice.

2. Defendant's Motion to Strike Plaintiffs' Response (Dkt. 80) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 18, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gundlach\2-10-cv-151.msj71andstrike80.wpd