UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ARTHREX, INC., and**
**ARTHREX MANUFACTURING, INC.**

    **Plaintiffs and Counterclaim Defendants,**

v.                                               Case No.: 2:10-cv-151-FtM-99DNF

**PARCUS MEDICAL, LLC,**

    **Defendant and Counterclaim Plaintiff**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Dispositive Motion for Summary Judgment on Defendant's Counterclaims I-IV ("Summary Judgment Motion") (Dkt. 179), Parcus Medical's Response to Arthrex's Motion for Summary Judgment on Defendant's Counterclaim I-IV (Dkt. 214), Reply Brief in Support of Arthrex's Motion for Summary Judgment on Parcus' Pleaded Counterclaims (Dkt. 224), and Parcus Medical's Surreply Brief in Opposition to Arthrex's Motion for Summary Judgment on Counterclaims (Dkt. 243). The Court, having reviewed the motion, response, and being otherwise advised in the premises, holds that the Summary Judgment Motion should be denied as premature.

On March 8, 2010, Arthrex filed a Complaint alleging that Parcus, formed by two former officers and employees of Arthrex, established and operated its business through the unauthorized use and dissemination of Arthrex's confidential business information and trade

secrets relating to the design, manufacture, and sale of medical devices. (Dkt. 1). On April 21, 2010, Parcus responded with a four-count Counterclaim arguing that Arthrex has engaged in a nation-wide campaign of intimidation, defamation, and unfair trade practices designed to exclude Parcus from the medical supply industry. (Dkt. 4). Arthrex seeks summary judgment of Parcus' counterclaims. Defendants argue, *inter alia*, that the Motion is premature because discovery is not yet complete. This Court agrees.

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. And while the Court need not wait until the end of discovery, summary judgment is appropriate only when an adequate factual record exists and when "further discovery would be pointless." Techtron Corp. v. Piret, No. 205CV318-FTM-29SPC, 2006 WL 845327, at *1 (M.D. Fla. Mar. 30, 2006) (internal quotation marks omitted); WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988) (holding that "summary judgment may only be decided upon an adequate record.").

Here, Arthrex filed its Summary Judgment Motion well before the May 3, 2013 discovery deadline and prior to complying with Judge Frazier's September 19, 2012 Order (Dkt. 194) compelling production of certain C3 agreements and related documents relevant to Parcus' deceptive and unfair trade practices, disparagement, and tortious interference claims. Judge Frazier ordered Arthrex to produce the C3 agreements by November 6, 2012. (Dkt. 194 at 9). In its related patent infringement case against Parcus, Arthrex was given

until December 21, 2012 to produce the C3 documents.  See Arthrex, Inc. v. Parcus Medical, LLC, 2:11-cv-694, Dkt. 128.  The parties' briefs addressing the Summary Judgment Motion were filed prior to December 21, 2012.  Accordingly, because Parcus is entitled to review and incorporate these documents into its response, the Court concludes that Arthrex's Summary Judgment Motion should be denied as premature.[1]

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Dispositive Motion for Summary Judgment on Defendant's Counterclaims I-IV (Dkt. 179) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\FT MYERS cases\10-cv-151 sj 179.wpd

---

[1] The Court notes that an exorbitant amount of evidence has been filed, most of which is under seal. Rather than re-filing these documents, the parties should refer to the evidence when briefing subsequent dispositive motions.