UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX
MANUFACTURING, INC.,

     Plaintiffs,

v.                             Case No:   2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

     Defendant.

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

     This cause is before the Court on Parcus Medical, LLC's Motion to Amend Counterclaim (Doc. 293) and Memorandum in Support of Parcus Medical, LLC's Motion to Amend Counterclaims filed on August 7, 2013.  Parcus Medical, LLC ("Parcus") is requesting leave to file an Amended Counterclaim to add claims regarding a "C3 Program" and to drop a claim for common law unfair competition.  The Plaintiffs, Arthrex, Inc. and Arthrex Manufacturing, Inc. ("Arthrex") filed a Response to Parcus' Motion to Amend Counterclaims and Response to Court Order Relating to Confidentiality Designations (Doc. 298) on August 21, 2013.   The Court determines that the Motion to Amend Counterclaim (Doc. 293) is due to be denied.

     A brief background of this case and a separate case involving the parties is warranted. Arthrex filed this case, a "Trade Secret" case on March 8, 2010.  Arthrex later filed a separate case, 2:11-cv-694-FtM-29UAM, a "Patent" case against Parcus on December 15, 2011.   In the Patent case, Parcus filed an Answer and Counterclaim (Doc. 13) on February 6, 2012.  Parcus claimed to have alleged in Count V of the Counterclaim a claim under the Florida Unfair and Deceptive Practices Act ("FDUTPA") alleging kickbacks prohibited by federal law in

connection with Arthrex's C3 Program.  In the Patent case, on July 12, 2012, the Honorable John E. Steele, United States District Judge entered an Opinion and Order (Doc. 52) regarding Count V of the Counterclaim asserting that Parcus alleged that "Arthrex has engaged in unlawful anti-competitive practices by engaging in the following:  (a) sham litigation; (b) litigation as a weapon of economic destruction; (c) trade disparagement; (d) violation of the Federal Anti-Kickback Statute; (e) threats, intimidation, and extortion; and (f) illegal enforcement of perpetual non-competes."  (Doc. 52, p. 2-3).  Judge Steele found that Parcus was unclear in Count V that it intended to bring a claim pursuant to FDUTPA, which Parcus asserted was the **only** claim it was bringing.  Judge Steele dismissed Count V of the Counterclaim without prejudice for Parcus to file an Amended Counterclaim. (Doc. 52, p. 4-5).  In the Patent case on September 7, 2012, Parcus filed an Answer, Affirmative Defenses and Amended Counterclaim to the Amended Complaint (Doc. 87) alleging a violation of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 *et seq*. (Doc,. 87, p. 12).

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading is served, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires."  The decision whether to permit an amendment is within the sound discretion of the court, however, the Supreme Court has held that the words "leave shall be freely given" must be heeded.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Consequently, the Court must find a justifiable reason in denying a request for leave to amend.  *Id*.  "[T]he Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile."  *Taylor v. Florida State Fair*

*Authority*, 875 F.Supp. 812 (M.D. Fla., 1995), citing *Foman*, 371 U.S.  at 182, *See also*, *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004).  In the instant case, however, the deadline to amend pleadings was February 7, 2011 (See, Doc. 43), and therefore, Parcus must comply with Fed. R. Civ. P. 16 as well.

The Sixth Amended Case Management and Scheduling Order (Doc. 269) and the Endorsed Order (Doc. 43) extending the deadline to amend pleadings control the course of action unless modified.  *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  To modify a Scheduling Order, a party must show good cause, and the party must show that despite the party's diligence the deadline could not be met.  *Id.*, citing Fed.R.Civ.P. 16.  If the court finds that the party lacked due diligence, then the  inquiry into good cause is ended.  *Lord v. Fairway Electric Corp.*, 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002).  The Eleventh Circuit found three factors to consider in assessing diligence: 1) the party  failed to ascertain facts prior to filing the counterclaim and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the party; and 3) even after acquiring information, the party delayed in asking for amendment."  *Id.*, citing *Sosa v. Airprint Systems, Inc.,* 133 F.3d at 1418.

In the instant case, Parcus delayed in requesting leave to amend its counterclaim to add additional claims. Pursuant to the Endorsed Order (Doc. 43), the deadline to amend pleadings in this case was February 7, 2011, and has clearly passed. Parcus knew as early as February 6, 2012 of the basis for the claims it now wishes to add in this case as evidenced by the Counterclaim it filed in the Patent case on that date.  In the Patent case, litigation has occurred regarding the same claims Parcus now wishes to add, and Judge Steele has made rulings in the Patent case regarding the claims that Parcus wishes to add.  This case was filed in 2010, is now operating

under the **Sixth** Amended Case Management and Scheduling Order (Doc. 269) entered on May 6, 2013. Arthrex claims that some of its discovery in this case predates the issues raised regarding the C3 Agreements in the Patent case. If the Court allowed Parcus to add additional claims, the Court may be required to extend the deadlines for expert reports and discovery to allow Arthrex additional time to consider the claims in this case, and retake some discovery as to the additional claims.  This case must remain on schedule, and the Court determines that Arthrex would be prejudiced if new claims were added at this late date.  Parcus failed to show that it was diligent and failed to set forth good cause as to why it did not request an extension of the deadline to amend pleading in 2011 or 2012, or even at the time the Sixth Amended Case Management and Scheduling Order (Doc. 269) was entered.  Therefore, the Court  determines that the request to amend the Counterclaim is untimely and due to be denied with regard to adding claims.  The Court determines that Parcus may file an amended counterclaim eliminating its claim for common law unfair competition.

Arthrex asserts in its Response that Parcus cites to a redacted portion of an e-mail from Mr. Ron Schmieding, President of Arthrex to Mr. Steve Soffen, outside counsel to Arthrex.  In an Order (Doc. 193) entered on September 19, 2012, the Court required Parcus to return to Arthrex **all** unredacted Schmieding e-mails. The Court recommends that Parcus comply with the prior Order (Doc. 193) or be subject to sanctions.

Arthrex asserts in its response that the Court previously considered the issue of whether the information provided in footnotes 2 and 4 of the Memorandum in Support of the Motion to Amend Counterclaims (Doc. 294) should be filed under seal.  The Court previously determined in its Order (Doc. 237) that this information constituted business plans, product sales strategies, projected revenues, costs, pricing or profits data and other information that may be considered to

be trade secrets.   (Doc. 237, p. 1-2).   Therefore, the Court recommends that the unredacted version of the Memorandum remain under seal.

**IT IS RESPECTFULLY RECOMMEDED:**

1) The Motion to Amend Counterclaims (Doc. 293) be **GRANTED** to the extent that Parcus may file an Amended Counterclaim eliminating the claim for common law unfair competition and otherwise be **DENIED.**

2) Within five (5) days, that Parcus be required to return **all copies** of the privileged e-mail from Mr. Ron Schmieding, President of Arthrex to Steve Soffen as was required by Order (Doc. 193).

3) The unreadacted Memorandum in Support of Parcus Medical, LLC's Motion to Amend Counterclaims remain under seal for the duration of this action.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 6, 2013.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties