UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX
MANUFACTURING, INC.,

    Plaintiffs,

v.                                  Case No: 2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

    Defendant.
_____/

**ORDER**[1]

This matter is before the Court on review of the Magistrate Judge's Report and Recommendation (Doc. #304), filed on September 6, 2013, recommending (1) Defendant's Motion to Amend Counterclaims (Doc. #293) be granted to the extent that Defendant may file an Amended Counterclaim eliminating the claim for common law unfair competition and otherwise be denied; (2) within five (5) days, that Defendant be required to return all copies of the privileged e-mail from Mr. Ron Schmieding, President of Arthrex, to Steve Soffen as was required by Order (Doc. #193); and (3) the unredacted Memorandum in Support of Parcus Medical, LLC's Motion to Amend Counterclaims (Doc. #300) remain under seal for the duration of this action. Defendant filed Objections to the Report and Recommendation (Doc. #306) on September 19,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2013. Plaintiffs filed a response to Defendant's objections on October 3, 2013. (Doc. #307).

In the Eleventh Circuit, a district judge may accept, reject or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681 F.2d 732 (11th Cir.1982), cert. denied, 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir.1993). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper–Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir.1994).

Here Defendant moves to amend its Counterclaims. While timely motions for leave to amend are held to a very liberal standard, motions filed after the leave to amend deadline should be denied. Perez v. Pavex Corp., 2002 WL 31500404 (M.D. Fla. Oct. 18, 2002); Senger Brothers Nursery, 184 F.R.D. at 678. Motions to amend filed after the Case Management and Scheduling Order's deadline are held to the "good cause" standard under Rule 16(b) and should be denied unless the schedule mandated

in the scheduling order cannot "be met despite the diligence" of the moving party. Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998); Smith v School Board of Orange County, 487 F.3d 136, 1366 (11th Cir. 2007). Pursuant to the Case Management and Scheduling Order, the deadline to amend pleadings expired on February 7, 2011 (Doc. #43). Therefore, the good cause standard found in Fed. R. Civ. P. 16(b) governs this Motion to Amend rather than the freely given standard found in Rule 15(a).

Defendant cites to no relevant case law within the Eleventh Circuit that would permit such an amendment this late in litigation, over three and a half years after its inception. Upon review of the filings, the Court finds there is no need to amend the Counterclaim at this time. For example, there is no need for a more definite statement. Instead, the only changes that should be granted are the elimination of the claim for common law unfair competition (see Doc. #4, p. 15-16 at ¶¶ 29-32) and some of the small changes within the prelude to the Counterclaims (see Doc. #293-1, p. 8 at ¶¶ 1, 4).

Furthermore, an amendment at this stage in litigation could only prolong this litigation even further, a risk this Court is unwilling to take. See e.g., Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (finding that the District Court did not abuse its discretion when it denied the request to amend the counterclaim forty months after the filing of the original counterclaim). Due to the age of this case, this Court finds such a change in the Counterclaim would prejudice Plaintiffs because Plaintiffs would have to file a new answer, may have to file a motion to dismiss, may have to change expert reports, and the like.

Also, the Court finds Defendant is attempting to bleed issues in the proposed amended counterclaim that Defendant has been aware of for a significant period of time. In fact, the district judge in the related patent case has already ruled on these issues within the patent case. If Defendant is permitted to alter the Counterclaim at this time, it would prejudice Plaintiffs. Moreover, an alteration would not facilitate judicial economy. Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Service, Inc., Nos. 2:05-cv-165-FtM-29SPC, 2:05-cv-187-FtM-29SPC, 2007 WL 419689, at *1 (M.D. Fla. Feb. 2, 2007) (citation omitted).

Defendant has also admitted, albeit for reasons different than this Court's, that there may have been no need to file this motion. (See Doc. #306, p. 14 ("It is arguable then, that there was no need to file the motion at all and that, in retrospect, Parcus would have been better advised not to do so.")). This supports the notion that Defendant would not be prejudiced if it is not granted leave to amend the Counterclaim.

Additionally, the Court is aware there is new counsel in this litigation; however, this alone is not sufficient to prove there was no lack of diligence in requesting this amendment. See Burger King Corp., 169 F.3d at 1319 (citing Rhodes v. Amarillo Hosp. Dist., 654 F.2d 1148, 1154 (5th Cir. 1981)). New counsel cannot guild issues brought in the patent case years ago into this trade secrets case now. As the Magistrate Judge stated, this request could have occurred years earlier. Upon review of the totality of the circumstances, the Court finds no good cause.

Therefore, upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file including Defendant's Objection

4

to the Report and Recommendation, the Court concludes the Report and Recommendation should be accepted and adopted.

Accordingly, it is now

**ORDERED:**

(1) Magistrate Judge's Report and Recommendation (Doc. #304) is **ACCEPTED and ADOPTED**.

(2) The Motion to Amend Counterclaims (Doc. #293) is **GRANTED** to the extent that Defendant may file an Amended Counterclaim eliminating the claim for common law unfair competition and otherwise is **DENIED**.

(3) Within five (5) days of this Order, Defendant is required to **return all copies** of the privileged e-mail from Mr. Ron Schmiedling, President of Arthrex, to Steve Soffen as was required by Order (Doc. #193).

(4) The unredacted Memorandum in Support of Defendant's Motion to Amend Counterclaims remains **under seal** for the duration of this action (Doc. #300).

(5) Defendant's request for oral argument pursuant to Local Rule 3.01(j) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of October, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record