UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX MANUFACTURING, INC.,

    Plaintiffs,

v.                                        Case No:  2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

    Defendant.
_____/

**ORDER**[1]

    This matter comes before the Court on Motion for Reconsideration (Doc. #331) filed on February 10, 2014. The Court, through the undersigned, struck Plaintiffs Reply Brief to its Motion for Sanctions and the Court stated it did not find good cause to retroactively grant leave. (See Doc. #330). The Court, however, notes that United States Magistrate Judge Douglas N. Frazier previously granted Plaintiffs leave to file a reply brief. (See Doc. #323). Plaintiffs also indicate new evidence has come to light at the February 5, 2014, deposition of Mr. David Davis.

    Reconsideration of a court's previous order is an extraordinary remedy, and thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

American Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994).

Here, the Court needs to correct a clear error. Judge Frazier already granted Plaintiffs leave to file a reply brief, therefore, the Court finds it was inappropriate to strike the reply brief. The motion for reconsideration is due to be granted.

Accordingly, it is now

**ORDERED:**

Motion for Reconsideration (Doc. #331) is **GRANTED**. Plaintiffs may file a reply brief to its motion for sanction (re Doc. #313) no later than **February 19, 2014**. Thereafter, Defendant may file a sur-reply brief no later than **February 26, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

2