UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX
MANUFACTURING, INC.,

    Plaintiffs,

v.                                          Case No:  2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiffs Arthrex, Inc. and Arthrex Manufacturing, Inc.'s Rule 37(b) Motion for Sanctions (Doc. #313) filed on November 26, 2013. Defendant Parcus Medical, LLC filed a Response in Opposition (Doc. #319) on December 18, 2013. Plaintiffs filed their Reply in Support of the Motion for Sanctions (Doc. #335) on February 19, 2014. On February 28, 2014, Defendant filed its Sur-Reply in Opposition. (Doc. #341). Thus, the Motion is ripe for review.

## BACKGROUND

Plaintiffs Arthrex, Inc. ("Arthrex") and Arthrex Manufacturing, Inc. ("AMI") initiated this action by filing a six count Complaint against Defendant Parcus Medical, LLC ("Parcus"). Arthrex is in the business of designing, manufacturing, and selling medical devices, including surgical implants, sutures, tools, and instrumentation. AMI is wholly

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

owned by Arthrex. Incorporated.  Parcus is a direct competitor of Arthrex founded by Mark Brunsvold, a former employee of AMI. Plaintiffs allege Defendant misappropriated Plaintiffs' trade secret information for use in the development, manufacture, marketing, and sale of Defendant's business.

Plaintiffs filed their first Motion to Compel production of documents responsive to Arthrex's Requests for Production and to supplement answers to Interrogatories (Doc. #26) on October 14, 2010. The Court granted the Motion on December 16, 2010.  (Doc. #39) ("December 16, 2010 Order"). Plaintiffs filed a second and third Motion to Compel (Docs. #86, 87) on September 16, 2011. Finding that the Parties had resolved most of the discovery issues, the Court granted the Motion with respect to Request No. 81, and in all other respects denied as moot the Motions to Compel. (Doc. #109) ("January 12, 2012 Order").

Since the beginning of the case, the Parties have produced large quantities of discovery very close to deadlines. As a result, there have been repeated extensions of deadlines and the case is now on its Eighth Amended Case Management and Scheduling Order.  (Doc. #312). Plaintiffs now move for Rule 37(b) sanctions, claiming that throughout the case, Defendant has deliberately undertaken a strategy to obstruct Plaintiffs' discovery and continuously delay the case.

## STANDARD

A federal district court has certain inherent powers, which it is authorized to exercise with restraint and discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Pursuant to this inherent power, a court may impose sanctions where it makes a finding of bad faith. Eagle Hosp. Physicians, LLC v. SRG

Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009). The standard of bad faith restricts the range of conduct justifying an imposition of sanctions. Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010); MCC Mgmt. of Naples, Inc. v. Arnold & Porter, LLP, Nos. 2:07-cv-287-FtM-29SPC, 2:-07-cv-420-FtM-29DNF, 2010 WL 2889350 (M.D. Fla. July 20, 2010). In addition to the court's inherent power to impose sanctions, Rule 37(b) provides that a court may impose "just" sanctions for disobedience of a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Sanctions can include "directing that . . . designated facts be taken as established for purposes of the action [and] prohibiting the disobedient party from supporting or opposing designated claims or defenses . . . ." Id.

## DISCUSSION

Here, Plaintiffs move to have Defendant sanctioned for disobeying this Court's December 16, 2010 discovery order. (Doc. #39) Plaintiffs request sanctions including: (1) that it be taken as fact that Arthrex's CNC programs in Defendant's possession are a trade secret, were misappropriated by Defendant, and were used by Defendant in the manufacture and sale of Defendant's products; and (2) an award to Plaintiffs of reasonable expenses and attorney fees.

Discovery in this case has suffered numerous setbacks. Disputes over what constitutes discoverable information, high volumes of documents produced very close to discovery deadlines, and difficulties with e-discovery software and consultants have caused the Case Management and Scheduling Order to be amended eight times. Plaintiffs assert Defendant deliberately caused these numerous delays and should be sanctioned.

Plaintiffs argue Defendant willfully violated this Court's December 16, 2010 Order by failing to produce documents in response to Plaintiffs' First Document Requests, thereby prejudicing Plaintiffs with dilatory production of files over three and a half years into this case. Plaintiffs contend Defendant's lack of resolution of discovery issues and delayed production of documents has caused Plaintiffs to re-take depositions, provide new expert reports, and move for extensions of discovery, on multiple occasions. Plaintiffs admit, however, that on September 27, 2013, Defendant produced over 900 Arthrex computer numeric control ("CNC") programs, satisfying the December 16, 2010 and January 12, 2012 Orders. Plaintiffs argue the delayed production will require Plaintiffs to file their fifth expert report and further delay the case because Plaintiffs cannot know what else Defendant may be withholding.

Defendant responds it has performed multiple searches of its electronically stored information due to technical issues and recently discovered information within its own company. Defendant asserts the Parties agreed more than two years ago to have Plaintiffs' experts take forensic images of the Parcus server, but the results were faulty and incomplete, requiring Plaintiffs to stop the review process and withdraw all its logs, beginning anew. Defendant asserts there has been no intentional misconduct by Defendant in not producing the CNC program files; instead, the undeleted files not found in the first search were found in searching for "deleted" documents, and thereafter turned over to Plaintiffs. Thus, Defendant argues any delay has been caused by unintended technical flaws, of which Plaintiffs have been made aware.

Furthermore, Defendant argues the Court's January 12, 2012 Order specifically outlined which documents would be considered relevant to Plaintiffs' Request No. 81,

and neither Party has found such relevant documents. Defendant asserts it has, therefore, complied with all Court Orders and has actually produced all relevant documents.

Lastly, Defendant asserts that the production of the documents in September, 2013 will not require the parties to "re-do" discovery. Defendant asserts experts have been given ample time to analyze files and all pertinent depositions have already been taken. Defendant also contends Plaintiffs declined Defendant's suggestion of an extension for Plaintiffs' expert disclosures, so Plaintiffs cannot now claim Parcus deliberately caused a delay in the filing of the same.

The extensive history of discovery issues in this case demonstrates that Defendant's conduct is not the sole cause of the numerous delays and amendments to the Case Management and Scheduling Order. Defendant's conduct does not necessitate a finding of bad faith and the Court will not impose sanctions based on speculation over what Defendant might be withholding. See Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (explaining bad faith is found "where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent" or where an attorney's advocacy has resulted in "delaying or disrupting the litigation or hampering enforcement of a court order.") (citing Primus Automotive Fin. Serv., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). All Parties bear some responsibility for the numerous and significant delays in this case that continue to negatively affect the Parties. The Court finds Defendant's conduct does not rise to the level of bad faith warranting sanctions. Therefore, the Court denies Plaintiffs'

Motion for Sanctions and advises the Parties to exercise care and diligence going forward, such that this case will experience no further delays.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs Arthrex, Inc. and Arthrex Manufacturing, Inc.'s Rule 37(b) Motion for Sanctions (Doc. #313; Doc. #318) is **DENIED**.

2. Defendant Parcus' Motion for Hearing (Doc. #325) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of March, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record