UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX
MANUFACTURING, INC.,

      Plaintiffs,

v.                                     Case No:  2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

      Defendant.

_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Arthrex, Inc. and Arthrex Manufacturing, Inc.'s Motion for Sanctions Based on Spoliation of Electronic Evidence and Brief in Support (Doc. 385; Doc. 406) filed on April 11, 2014.[2] Defendant Parcus Medical, LLC filed a response in opposition on May 29, 2014. (Doc. 488; Doc. 491). This matter is now ripe for review.

### Standard

"Spoliation is the intentional destruction, mutilation, alteration, or concealment of evidence." Floeter v. City of Orlando, No. 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *5 (M.D. Fla. Feb. 9, 2007) (internal quotations omitted). The Court has discretion whether

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.
[2] The Plaintiffs are collectively referred to as "Arthrex" in this Order.

to impose spoliation sanctions. Peeler v. KVH Industries, Inc., No. 8:12-cv-1584-T-33TGW, 2013 WL 3871420, at *4 (M.D. Fla. July 25, 2013) (citing United States v. Lanzon, 639 F.3d 1293, 1302 (11th Cir. 2011)). The party seeking spoliation establishes its burden by proving (1) the missing evidence existed at one time; (2) the alleged spoliator had a duty to preserve the evidence; and (3) the evidence was crucial to the movant being able to prove its *prima facie* case or defense. Peeler, 2013 WL 3871420, at *4 (citing Floeter, 2007 WL 486633, at *5).

Further, an adverse inference is drawn when a party fails to preserve evidence and the party's failure was predicated on bad faith. Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997). To satisfy the bad faith requirement the party must have acted with more than "mere negligence" because negligence "does not sustain an inference of consciousness of a weak case." Id.; Vick v. Texas Employment Com'n, 514 F.2d 734, 737 (5th Cir. 1975) (quoting McCormick, Evidence § 273 at 660-61 (1972), 31A C.J.S. Evidence § 156(2) (1964)). Accordingly, a court cannot treat missing evidence with an adverse inference unless the circumstances surrounding the missing evidence indicates bad faith such as tampering with evidence. Bashir, 119 F.3d at 931.

## Discussion

Arthrex argues the Court should impose sanctions on Parcus for the spoliation of evidence. Arthrex takes issue with contents allegedly deleted from Dennis Donnermeyer's computer and thumb drive;[3] the Parcus server; and other media of Parcus's employees and agents. Arthrex asserts evidence was deleted after a duty to preserve evidence arose. Since this evidence was destroyed Arthrex argues this supports a finding of

---

[3] Donnermeyer previously served as the Vice President of Research and Development for Arthrex and is one of the founders of Parcus.

prejudice. Arthrex also argues since the deletion occurred after Parcus was ordered to produce documents, Parcus should be sanctioned even if the destroyed evidence cannot be established as critical to Arthrex's case. Furthermore, Arthrex argues since Parcus did not have a preservation policy this is enough to show bad faith from which prejudice could be inferred. Arthrex relies on its expert Daniel Regard to support its arguments.

Upon thorough review and consideration of the motion and exhibits attached, the Court finds the motion is due to be denied. Although the Court is troubled by some of the allegations presented in Arthrex's motion, ultimately the Court is unwilling to reach the conclusions requested by Arthrex. Instead, the Court finds there is a material question as to whether some of the files were deleted. Arthex's records in support of this motion are incomplete. For example, Arthrex asserts Donnermeyer "concedes that he erased its contents and discarded it." But a review of the cited Arthrex exhibit, (Doc. 385-3; Doc. 406-3, at 258), does not reveal a concession. Thus, the Court finds Arthrex's motion contains creative arguments rooted in mere speculation. Speculation is not enough to impose sanctions.

Moreover, Parcus asserts some files were merely moved to a different server and were not deleted. And since at least Donnermeyer's computer was an old personal computer, albeit used for business purposes at times, there is a material question as to whether the lack of these documents now prejudices Arthrex. For example, Parcus contends the documents were likely personal photographs or duplicates of other documents presented during discovery. Parcus also asserts the number of files allegedly deleted misrepresents the facts. Although all of Parcus's assertions may not be true, the Court shares some of Parcus's concerns. For example, the Court has concerns regarding

whether the documents were completely deleted or just moved, actually contained relevant materials to this litigation, and were not duplicates of other materials provided during the extensive discovery process of this case.

In light of the distinct views of the Parties, the Court is not persuaded that documents were deleted on Donnermeyer's devices and that these documents were crucial to Arthrex's *prima facie* case or defense. After all, Arthrex filed a substantial lengthy record in the summary judgment process to support its claims. Arthrex accordingly has found documents and materials that supports its claims, at least enough where it was able to survive the summary judgment stage of litigation. See Point Blank Solutions, Inc. v. Toyobo America, Inc., No. 09-61166-CIV, 2011 WL 1456029, *28 (S.D. Fla. Apr. 5, 2011) (finding that plaintiff had failed to prove the allegedly destroyed documents were crucial to its ability to prove its claims partly because plaintiff produced hundreds of internal documents that it contends to be examples that supports its claim).

The Court finds it is likely that the old computers operated by Bracy, Peralta, and Windham were likely discarded, crashed and damaged naturally due to the lifespan of old technology rather than in anticipation of litigation. After all, Arthrex is complaining about computers that may have been used over a decade ago. For example, Windham left Arthrex in 2000 and then worked for a competitor Smith & Nephew for nine years thereafter. Thus, Arthrex is complaining about the lack of a computer that possibly contained materials from over a decade prior to Windham's employment with Parcus and prior to the start of this litigation. (See e.g., Doc. 385-1; Doc. 406-1, ¶¶88-89). The Court finds the fact that some computers and thumb drives have not provided substantial

assistance to this litigation is not a result of spoliation by Parcus. Moreover, in light of the facts and circumstances the Court is willing to give Parcus the benefit of the doubt.

Even assuming that the files were deleted and relevant to Arthrex's *prima facie* case, the Court is not convinced that Parcus acted in bad faith in erasing the documents. Assuming, for example, Arthrex's assertion that Donnermeyer was not informed of a litigation hold is true, it is plausible that the deletion of the documents on his personal computer was not performed intentionally. See Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 736 F. Supp. 2d 1317, 1332 (S.D. Fla. 2010) (finding no evidence that the defendant intentionally deleted the emails or the lack of a litigation hold amounted to bad faith). Parcus may have been careless or negligent in the maintenance of its records but this does not amount to bad faith. Smith v. Bank of America, N.A., No. 2:11-cv-676-FtM-29DNF, 2014 WL 897032, at *3 (M.D. Fla. Mar. 6, 2014). Furthermore, this Court is unwilling to state that the failure to implement a litigation hold proves bad faith existed *per se*. Instead, looking at the facts and circumstances surrounding this motion, such as the age of the computers, timeframe surrounding the documents, timeframe surrounding the alleged deletion, and the fact that at least some Parcus executives were given oral instructions to preserve documentations, the Court is not convinced bad faith existed. See Floeter v. City of Orlando No. 6:05-cv-400-Orl-22KRS, 2007 WL 486633, at *7 (M.D. Fla. Feb. 9, 2007) (finding although there was suspicious activity there was not bad faith). The Court finds a lack of bad faith despite Daniel Regard's expert opinion. (See generally, Doc. 385-1; Doc. 406-1). Without bad faith there is no basis to impose spoliation sanctions.

In addition, unlike the facts in Swofford, this Court finds Parcus has exhibited an effort to preserve evidence in this case. Swofford v. Eslinger, 671 F. Supp. 2d 1274, 1281-82 (M.D. Fla. 2009). Parcus has provided large volumes of discovery materials to Arthrex. Also unlike the facts in Southeastern Mechanical Services, there was not a complete wiping of all materials on a computer or device. Southeastern Mechanical Services, Inc. v. Brody, 657 F. Supp. 2d 1293, 1301-02 (M.D. Fla. 2009).

Moreover, even assuming bad faith existed this Court declines to use its discretion to grant sanctions. Arthrex has specifically requested that the court instruct the jury that it shall, or in the alternative may, draw an adverse inference that the Donnermeyer's Computer, thumb drive, and the Parcus G Drive (a) contained trade secrets and other confidential information belonging to Arthrex, (b) Parcus was aware of that fact, and (c) Parcus used Arthrex's confidential information to compete against Arthrex. Arthrex also states it is entitled to recover its attorneys and expert fees and costs incurred. The Court finds the requested jury instructions and fees are not appropriate in light of the facts and circumstances. Accordingly, the motion is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Sanctions Based on Spoliation of Electronic Evidence and Brief in Support (Doc. 385; Doc. 406) is **DENIED**.

2. Defendant Parcus's Motion to Strike the Motion for Sanctions (Doc. 442; Doc. 452) is **DENIED as moot**.

3.  Unopposed Motion for Leave to File Reply to Parcus Medical's Opposition to Plaintiff's Motion for Sanctions Based on Spoliation of Electronic Evidence (Doc. 492) is **DENIED**.

4.  The Clerk is directed to send copies of this Order to the Parties.

5.  **DONE** and **ORDERED** in Fort Myers, Florida this 10th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record