UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX
MANUFACTURING, INC.,

    Plaintiffs,

v.                                    Case No: 2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Parcus Medical, LLC's Motion in Limine to Exclude Evidence or Argument Concerning Arthrex's Supposedly Misappropriated Market Strategies, Manufacturing Techniques, Cost Information, Profit Information, and Marketing and Sales Information (Doc. 398; Doc. 437) filed on April 24, 2014. Plaintiffs Arthrex, Inc. and Arthrex Manufacturing, Inc. filed a response in opposition on May 5, 2014.[2] (Doc. 464; Doc. 478). This matter is now ripe for review.

### Standard

A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Plaintiffs Arthrex, Inc. and Arthrex Manufacturing, Inc. are collectively referred to as "Arthrex" in this Order.

Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007) (citation omitted). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41 (1984) (holding federal district courts have authority to make in limine rulings pursuant to their authority to manage trials)). The court excludes evidence on a motion in limine only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citation omitted). Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of a motion in limine does not insure evidence contemplated by the motion will be admitted at trial. Id. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citation omitted). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." Id. (citation omitted).

## Discussion

Parcus asserts Arthrex should be precluded from introducing evidence or argument that supports a claim that Parcus has misappropriated Arthrex's trade secrets

regarding market strategies; cost information; profit information; marketing and sales information; and manufacturing techniques. Parcus argues Arthrex has failed to identify any evidence as it pertains to these alleged trade secrets. In response, Arthrex asserts that the motion although labeled as a motion in limine is essentially a motion for summary judgment. The Court agrees with Arthrex. This is not a proper motion in limine. See Variable Annuity Life Ins. Co. v. Laeng, No. 8:12-cv-2280-T-33MAP, 2013 WL 3992418, at *3 (M.D. Fla. Aug. 2, 2013) ("the Court is not inclined to entertain a motion in limine seeking resolution of arguments suitably raised in a summary judgment motion."); Sheffield Woods At Wellington Condominium Ass'n, Inc. v. Scottsdale Ins. Co., No. 8:09-cv-1148-T-24TBM, 2011 WL 824685, at *2 (M.D. Fla. Mar. 3, 2011); Bishop v. Textron, Inc., No. 04-60393-CIV, 2006 WL 6866491, at *2 (S.D. Fla. Jan 25, 2006) (noting that a motion in limine based on the lack of evidence was better served after the close of evidence or during the charge conference); see also Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1363 (7th Cir. 1996) (explaining that an argument that a party could not prove its claim with reasonable certainty based on the evidence is not a proper basis for a motion to exclude evidence prior to trial). Having found no evidence that is clearly inadmissible at trial, the motion is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Defendant Parcus Medical, LLC's Motion in Limine to Exclude Evidence or Argument Concerning Arthrex's Supposedly Misappropriated Market Strategies, Manufacturing Techniques, Cost Information, Profit Information, and Marketing and Sales Information (Doc. 398; Doc. 437) is **DENIED**.

2. The Clerk is directed *not* to seal this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record