UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTHREX, INC. and ARTHREX
MANUFACTURING, INC.,

    Plaintiffs,

v.                                                  Case No:  2:10-cv-151-FtM-38DNF

PARCUS MEDICAL, LLC,

    Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Parcus's Motion in Limine to Preclude Evidence regarding Testing Data (Doc. 396) filed on April 18, 2014. Arthrex filed a response in opposition on May 5, 2014. (Doc. 463; Doc. 477).[2] This matter is now ripe for review.

## **Standard**

A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America, Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (citation omitted). The real purpose of a motion in limine is to give the trial judge

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] Plaintiffs Arthrex, Inc. and Arthrex Manufacturing, Inc. are collectively referred to as "Arthrex" in this Order.

notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41 (1984) (holding federal district courts have authority to make in limine rulings pursuant to their authority to manage trials)). The court excludes evidence on a motion in limine only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citation omitted). Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. Id. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of a motion in limine does not insure evidence contemplated by the motion will be admitted at trial. Id. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citation omitted). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." Id. (citation omitted).

## Discussion

A. Unsupported Test Data

Parcus argues evidence or argument regarding "unsupported test data" should be excluded because Arthrex did not allege in its Complaint that Parcus used test data

to mislead customers. Parcus contends Arthrex is now adding "false advertising" as a basis for the FDUTPA claim, and is thus effectively amending the Complaint past the time limit. Arthrex in response argues the Complaint includes allegations that permit use of the "unsupported test data" to support the FDUTPA claim. Furthermore, Arthrex asserts Parcus has had notice for a long time of the evidence and conclusions of their expert testimony. Arthrex also asserts it is not attempting to amend the Complaint.

The Court finds the "unsupported test data" evidence is relevant to Arthex's FDUTPA claim. See generally, Blair v. Wachovia Mortg. Corp., No. 5:11-cv-566-Oc-37TBS, 2012 WL 868878, at *2 (M.D. Fla. Mar. 14, 2012) (explaining FDUPTA protects "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition or unconscionable, deceptive or unfair acts or practices in the conduct of any trade or commerce.") (citing Fla. Stat. § 501.212). Upon review of the Complaint, the Court finds the claim is broadly written to encompass the "unsupported test data" evidence. (Doc. 1, ¶¶40-43). For example, the Complaint alleges Parcus, among other things, intentionally interfered with business relationships and misappropriated Arthrex's alleged trade secrets. (See, e.g., Doc. 1, ¶¶30, 42). The Court finds the "unsupported test data" evidence is not tantamount to amending the Complaint, and is therefore not prejudicial to Parcus. Furthermore, Parcus has had access to this evidence for a significant time.[3] Having found the evidence is not clearly inadmissible at trial, the motion is due to be denied.

---

[3] Expert reports from Dr. Ochoa dated Nov. 11, 2011 and Oct. 7, 2013 contain the testimony upon which the motion is based.

3

B. Damages

Next, Parcus argues Arthrex has not alleged any damages arising from either a false advertising claim or relating to Parcus's "use of unsupported testing data to mislead customers" and thus, Arthrex is barred from using this evidence at trial. The Court finds Parcus's argument is improper for a motion in limine. See Variable Annuity Life Ins. Co. v. Laeng, 8:12-CV-2280-T-33, 2013 WL 3992418, at *3 (M.D. Fla. Aug. 2, 2013) (finding the party's motion in limine were "nothing more than disguised bases for a summary judgment motion which is improper at this juncture of the proceedings."); Sheffield Woods At Wellington Condo. Ass'n, Inc. v. Scottsdale Ins. Co., No. 8:09–cv–1148–T–24TBM, 2011 WL 824685, at *2 (M.D. Fla. Mar.3, 2011); Habersham Plantation Corp. v. Art & Frame Direct, Inc., 10-61532-CIV, 2011 WL 4055391, at *2 (S.D. Fla. Sept. 13, 2011) (denying motion in limine attacking sufficiency of damages evidence before trial). The sufficiency or lack of alleged damages is not a proper ground to exclude evidence from trial. Therefore, the motion is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Parcus's Motion in Limine to Preclude Evidence regarding Testing Data (Doc. 396) is **DENIED.**

2. The Clerk is directed *not* to seal this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record